# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: T.K.**

**No. 13-0950** (Nicholas County 13-JA-28)

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Sarah R. Campbell, appeals the Circuit Court of Nicholas County's August 15, 2013, order terminating his parental rights to T.K. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights based solely on his incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The subject child, T.K., was born in May of 2010. Since June of 2010, the child has resided with his maternal ex-step-grandfather. In April of 2012, petitioner was sentenced to a term of incarceration of one to five years for the offense of unlawful wounding in a criminal case unrelated to the abuse and neglect matter. Thereafter, in April of 2013, the DHHR filed an abuse and neglect petition against the parents upon allegations that the mother abused alcohol and controlled substances and engaged in domestic violence with her boyfriend. The petition further alleged that petitioner was incarcerated and failed to provide the child with food, shelter, developmental support, and medical care.

In May of 2013, the circuit court held an adjudicatory hearing, finding petitioner to be an abusing parent due to his lack of contact with the child and failure to provide any support. In June of 2013, the circuit court held a dispositional hearing and terminated petitioner's parental rights upon findings that petitioner only visited his child on two or three occasions, and that he had not seen the child since October of 2010 when the child was five months old. Additionally, the circuit court noted that petitioner had never paid child support or provided for the child in any way. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

1

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. We have previously held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id.* Petitioner argues that it was error for the circuit court to terminate his parental rights upon his incarceration, but fails to recognize that the circuit court based termination on many other factors. These include petitioner's failure to visit with the child well before his incarceration for unlawful wounding and his failure to provide the child with support of any kind. As such, the circuit court was not required to undertake the analysis described above, and petitioner's argument that his incarceration was based upon a crime that was not committed in the child's presence is irrelevant.

Further, while petitioner argues that he should have been entitled to a less restrictive dispositional alternative because he was going to be parole eligible shortly after the dispositional hearing and because he completed programs while incarcerated that are consistent with services offered during an improvement period, the Court finds no merit to this argument. Nothing in the record indicates that the circuit court failed to consider these issues, and it ultimately found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the near future and that termination was necessary for the child's welfare. These findings were supported by the evidence set forth above, as well as the additional finding that petitioner had no bond with the child. West Virginia Code § 49-6-5(a)(6) directs circuit courts to terminate parental rights upon such findings. Therefore, termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 15, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II